UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-14321-CIV-MARRA\LYNCH

ERSILIA MCKAY

    Plaintiff,

v.

SCHOOL BOARD OF
MARTIN COUNTY, FLORIDA,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant, School Board of Martin County, Florida's Motion to Vacate Default [DE 11]. The motion is ripe for the Court's consideration. The Court has reviewed all papers submitted in connection with the motion; the entire file; and is otherwise duly advised in the premises.

## Background

This case was commenced with the filing of the Complaint on September 16, 2015 [DE 1]. On October 14, 2015, the Clerk ordered an Entry of Default against Defendant for its failure to respond to the Complaint. [DE 10]. On October 19, 2015, Defendant brought the instant motion to vacate the default. [DE 11]. Therefore, Defendant brought its motion only five days after the default was entered and just slightly over a month after the Complaint was filed in this court.

## Contentions of the Parties

Defendant explains its default as having occurred due to an administrative error that somehow resulted in the Complaint being lost and not forwarded from the front desk person who was served with it to the individual charged with retaining defense counsel. [DE 11-1]. Defendant argues that this is a reverse discrimination suit, and Plaintiff was terminated for good cause. [*Id*.].

Plaintiff opposes Defendant's motion. Plaintiff argues that Defendant has failed to show excusable neglect. Plaintiff also notes that Defendant failed to contact Plaintiff's attorney as required by Local Rule 7.1.

In reply, Defendant notes that the EEOC was unable, after investigation, to conclude that the information obtained establishes violations of the statutes. Defendant argues that this supports its position that this case should be decided on its merits. [DE 13].

## Legal Standard

Federal Rule of Civil Procedure 55(c) provides that: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)". In the instant case, default judgment has not been entered. In a case with the same procedural status, the Eleventh Circuit noted that:

> Because a judgment had not been entered the trial court had the discretion to set aside the entry of default under Rule 55(c) rather than under the more stringent provisions of Fed.R.Civ.P. 60(b) that would have controlled if judgment had been entered. The district court held that Harrell had made a bare minimum showing to support relief under Rule 55(c). From our review of the record we conclude that no abuse of discretion has been shown.

*Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

## Discussion

As to Plaintiff's argument regarding Local Rule 7.1, the purpose of this Rule is to determine whether parties can reach agreement without the necessity of involving the court. Since it is clear that Plaintiff would not have agreed to the relief sought herein by Defendant, this failure is insufficient to justify the Court allowing a default that should otherwise be set aside remain in place.

In light of the short period of time that has passed since this action was commenced, the Court finds no prejudice to Plaintiff if the default is vacated.  The Court finds that Defendant has presented excusable neglect for its failure to respond to the Complaint.  This is the kind of administrative mishap that occasionally occurs and can happen to any party.  Defendant immediately addressed the default.  The Court further finds that Defendant has made a sufficient showing that its defense has merit.

## Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant, School Board of Martin County, Florida's Motion to Vacate Default [**DE 11**] is **GRANTED**.  The Clerk's

Entry of Default [**DE 10**] is **VACATED**.  Defendant has until **November 11, 2015** to file its Answer.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 6th day of November, 2015.

                                    _____
                                      KENNETH A. MARRA
                                      United States District Judge